```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

DONAVETTE ELY,                    *
                                  *
         Plaintiff,               *
                                  *
vs.                               *  CIVIL ACTION NO. 16-00084-KD-B
                                  *
MOBILE HOUSING BOARD, *et al*.,   *
                                  *
         Defendants.              *

**REPORT AND RECOMMENDATION**

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court for review. For the reasons set forth below, it is recommended that this action be dismissed without prejudice, prior to service of process, for failure to obey the court's order directing Plaintiff to file an amended complaint.

**I.   BACKGROUND**

Plaintiff Donavette Ely, who is proceeding *pro se*, filed a complaint and a motion to proceed without prepayment of fees on February 25, 2016. (Docs. 1, 2). In an Order dated April 20, 2016 (Doc. 3), the undersigned observed that Plaintiff's complaint, as drafted, is woefully inadequate. The complaint does not contain a short and plain statement for the court's jurisdiction. (Id. at 4-6). Further, it contains rambling assertions that are not sufficient to place the Court or

Defendants on notice regarding the actions purportedly undertaken by each Defendant, and the specific claims she is attempting to assert against each Defendant. (Id. at 6). Due to said deficiencies, Plaintiff was directed to file, by May 11, 2016, an amended which provides fair notice to the Court and each defendant of the claim against each defendant, and contains "a short and plain statement of the grounds for the court's jurisdiction," as required by Fed. R. Civ. P. 8(a)(1). (Id. at 7). Plaintiff was cautioned that failure to comply with the Court's directive to correct the deficiencies would result in dismissal. (Id.). To date, Plaintiff has not filed an amended complaint with the court, nor has her copy of the Order been returned to the Court.

**II.   DISCUSSION**

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute. See, e.g., Hudson v. Cardwell Corp., 2006 U.S. Dist. LEXIS 55306, *3 (S.D. Ala. July 27, 2006) (Steele, J.). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not

2

extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

Due to Plaintiff's failure to comply with this Court's Orders (Doc. 3) and failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, it is recommended that this action be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v.

3

Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the reasons set forth herein, the undersigned recommends that this action be dismissed without prejudice.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

4

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.*

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **June, 2016.**

                                                  **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**